The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, AR 72024-0001
Dear Senator Glover:
I am writing in response to your request for my expedited opinion on the following questions:
 1. Can a school district levy a sales tax for the purpose of financing school facilities?
2. Can a school district pledge its portion of a city sales tax to the repayment of bonds?
RESPONSE
In my opinion, the answer to your first question is "no." See
Ark. Op. Att'y Gen. No. 2003-179. With respect to your second question, although a school district might in theory dedicate to debt service its portion of city sales tax revenues it receives pursuant to A.C.A. § 26-73-114, as a practical matter any such pledge would provide virtually no security to bondholders, given that the city sales tax might be abolished at any time. Consequently, bonds secured exclusively by any such pledge would be effectively unmarketable. See Ark. Op. Att'y Gen. No.2004-029.
Question 1: Can a school district levy a sales tax for thepurpose of financing school facilities?
No.
As I noted in the attached Ark. Op. Att'y Gen. No. 2003-179, a school district lacks the authority to impose a sales tax. Section 26-73-114 of the Code (Repl. 1997) does authorize a city or county to designate on the ballot of a sales or use tax measure that a portion of the tax will be dedicated to a school district located wholly or partially within the boundaries of the city or county. However, a school district may not independently levy such a tax.
Question 2: Can a school district pledge its portion of a citysales tax to the repayment of bonds?
I addressed this exact question in the attached Ark. Op. Att'y Gen. No. 2004-029, in which I considered the following: "Is it constitutional for a sales tax to be used to fund a school district's bond?" Rather than repeating my analysis, to which I still subscribe, I will merely reproduce the following summary of my conclusions:
 In my opinion, so long as a city is acting under its statutory authority, the Arkansas Constitution would not prohibit such a use. Section 26-73-114 of the Code authorizes a city or county to levy a sales and use tax to be used by a school district for any purpose to which it could devote its "general funds." Although the term "general funds" is vague and confusing, I believe the context of A.C.A. § 26-73-114 suggests a legislative intent to allow the use of sales tax revenues to assist a local school district in retiring its bonded indebtedness. However, I doubt that the legislature intended to authorize a city to levy a sales tax that will be irrevocably dedicated as the sole revenue source to retire a school district's bonded indebtedness. Although the Code contains provisions expressly precluding the abolishment of sales taxes committed to the retirement of bonded indebtedness, no such provision applies to the tax authorized at A.C.A. § 26-73-114, which I do not believe was intended to authorize city voters to pledge sales tax revenues as the exclusive collateral securing a school district bond issue. Consequently, as a practical matter, it strikes me as highly unlikely that a school district could successfully market bonds secured only by a sales tax that the voters might revoke at their discretion.
As suggested in the last sentence of this excerpt, a school district might in theory pledge whatever city sales tax revenues it might receive to the retirement of school district bonds. However, as I further noted in Opinion No. 2004-029:
 [D]edicating to service school district debt a portion of a sales tax levied pursuant to A.C.A. § 26-73-114 can never in itself serve as a repayment pledge sufficient to render school district bonds marketable. Given the possibility that the voters or a city council may determine in any particular year to cut off funding to a school district, the district could market its bonds only if it collateralized the bond issue with some other pledge of revenues. As a practical matter, then, funding a [school district] bond issue exclusively through a city sales tax does not appear to be an available option.
I will note that the opinion letter from bond counsel attached to your request expresses similar concerns about the marketability of bonds secured as described.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
Enclosures